11-4778-pr
Bell v. Ercole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT: PIERRE N. LEVAL,
CHESTER J. STRAUB,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

GEORGE BELL,

*Petitioner-Appellant,*

-v.-                                    11-4778-pr

ROBERT E. ERCOLE,

*Respondent-Appellee.*

_____

FOR APPELLANT:     KATHERYNE M. MARTONE, The Legal Aid
                   Society Criminal Appeals Bureau, New
                   York, NY.

FOR APPELLEE:      LINDA CANTONI, Assistant District
                   Attorney (John M. Castellano, Assistant
                   District Attorney, *on the brief*), *for*
                   Richard A. Brown, District Attorney for
                   Queens County, Kew Gardens, NY.

Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Petitioner-Appellant George Bell appeals from an order of the United States District Court for the Eastern District of New York (Korman, *J.*), which denied his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We assume the parties' familiarity with the underlying facts and procedural history.

We affirm for substantially the same reasons given by the district court.  There were, without question, numerous errors in the petitioner's trial, and some of the errors related to his constitutional rights, including the right under the Confrontation Clause to effective cross examination, *see Davis v. Alaska*, 415 U.S. 308, 318 (1974), and the defendant's right under the Due Process Clause to a

meaningful opportunity to present a complete defense, *see Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

But to overturn a state court criminal conviction in a habeas corpus proceeding under 28 U.S.C. § 2254, more is required than errors relating to constitutional rights. Under the rule of *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the errors, considered in the aggregate, must be of sufficient importance that they "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation omitted); *see also Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). In considering the evidence as a whole, we conclude that the trial court errors in Bell's case did not meet this standard.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk